UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Allan Cullen, Ronald Bourdon,</u>
<u>and Scott Rogers</u>

  v.         Civil No. 16-cv-537-SM

<u>New Hampshire Department of Corrections</u>
<u>Commissioner William Wrenn</u>

### <u>REPORT AND RECOMMENDATION</u>

Allan Cullen, Ronald Bourdon, and Scott N. Rogers, prisoners at the Northern New Hampshire Correctional Facility ("NCF"), have filed this lawsuit pursuant to 42 U.S.C. § 1983, to challenge a prison directive that Cullen combine all of his legal materials in his cell into one "legal tote." The complaint (Doc. No. 1), entitled "Petition for Injunction," seeks a preliminary injunction asking that the court: (1) stop prison officials from taking away Cullen's legal materials, (2) direct prison officials to issue Cullen a second legal tote, for which he has already paid, and (3) prohibit prison officials from retaliating against Cullen. Plaintiffs assert a desire to proceed with a class action in this matter.

**Background**

Cullen is an NCF inmate.  He has legal materials in his cell that exceed the capacity of a single "legal tote."  He purchased a second tote for storing his legal materials in October 2016, which was never delivered to him.  Plaintiffs assert that the two totes stacked one on top of the other will fit under the desk in Cullen's cell.  Plaintiffs further assert that Cullen has litigated claims challenging his conviction pro se.

Plaintiffs assert that Corrections Officer Burdick on December 5, 2016, told Cullen that per order of the Department of Corrections ("DOC") Commissioner, all legal work in Cullen's cell needed to be put into one legal tote, and that Cullen would have one week to do that.  Plaintiffs claim that Cullen will not be able to pursue "constitutional access to courts" because he has been ordered to get rid of legal materials exceeding one legal tote in volume.  Plaintiffs further assert that the one legal tote rule applies at NCF but does not apply at the New Hampshire State Prison, which they claim violates the Fourteenth Amendment right to equal protection.

**Discussion**

I.   **Standard**

To obtain a preliminary injunction, a plaintiff must

establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The burden of proof on a motion for preliminary injunction is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

## II. Ronald Bourdon and Scott Rogers

Inmates Ronald Bourdon and Scott Rogers have signed the complaint. No facts are alleged in the complaint, however, as to either of them. There are no allegations regarding whether the one tote policy has affected Rogers or Bourdon. The complaint alleges facts relating only to Cullen's legal materials, and to the policy's potential impact on Cullen. In the absence of any facts showing both that Bourdon and Rogers are likely to succeed on the merits of any claim, and that they are likely to suffer irreparable harm, the district judge should deny their request for a preliminary injunction.

## III. Equal Protection

Plaintiffs claim that the one tote policy has been applied at NCF but not at the New Hampshire State Prison, in violation of the right to equal protection. This court's records in other cases indicate, however, that the one tote policy has been

3

applied at the New Hampshire State Prison.  See, e.g., Towle v. New Hampshire State Prison Warden, No. 15-cv-117-SM (D.N.H. Aug. 10, 2016) (order granting temporary restraining order relating to one tote policy).  Taking into account matters that this court may discern from its own records, this court cannot find that plaintiff could establish a likelihood of success on the merits of the equal protection claim, as presently alleged.  Accordingly, the request for a preliminary injunction to redress an equal protection violation should be denied.

## IV.  Access to the Courts

To prove that an inmate's right of access to the courts has been violated, the inmate must show he was actually injured in his ability to pursue a nonfrivolous claim, in a post-conviction proceeding or other civil rights matter that Cullen had a right to litigate.  See Lewis v. Casey, 518 U.S. 343, 352, 354-55 (1996).  Stripped of legal conclusions, the complaint fails to state facts alleging how taking away more than one tote of legal materials from Cullen's cell has violated Cullen's right to access the courts.  Plaintiffs have not demonstrated a likelihood of success on the merits, or a likelihood of irreparable harm, warranting a preliminary injunction, with respect to the access to the courts claim.  Accordingly, at this stage of the case, the district judge should deny the request for a preliminary injunction set forth in Document No. 1

relating to the access to the courts claim.  Plaintiffs may file a new motion for a preliminary injunction, separate from the amended complaint, after an amended complaint stating a claim for relief is filed in this action.

**V.     Retaliation**

Plaintiffs ask for an injunction to prevent prison officials from retaliating against them for litigating this case.  Plaintiffs have not alleged any facts suggesting that retaliation has occurred, or is likely to occur, as to any of them.  Therefore, they have failed to state any facts suggesting that the relief requested is necessary to prevent irreparable harm.  Accordingly, their request for an injunction to prevent retaliation should be denied.

## Conclusion

For the foregoing reasons, the request for a preliminary injunction set forth in Document No. 1 should be denied, without prejudice to plaintiff's ability to file a motion seeking preliminary injunctive relief after an amended complaint is filed in this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the

5

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                          _____
                                                          Andrea K. Johnstone
                                                          United States Magistrate Judge

January 3, 2017

cc:   Allan Cullen, pro se
       Scott Rogers, pro se
       Ronald Bourdon, pro se