# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Allan Cullen, Ronald Bourdon,
and Scott Rogers[1]

    v.                      Civil No. 16-cv-537-SM

New Hampshire Department of Corrections
Commissioner William Wrenn

## REPORT AND RECOMMENDATION

Allan Cullen, a prisoner at the Northern New Hampshire Correctional Facility ("NCF"), filed this lawsuit pursuant to 42 U.S.C. § 1983, to challenge a prison directive that Cullen combine all of his legal materials in his cell into one "legal tote." The court, in its January 3, 2017 Order (Doc. No. 5) granted plaintiff leave to file an amended complaint stating a claim, regarding the impact of the challenged policy on him.

Addressed in this Order is plaintiff Allan Cullen's response (Doc. No. 12) to the January 5 Order, which this court construes to be an addendum to the complaint (Doc. No. 1). The complaint and addendum (Doc. Nos. 1, 12) are before the court for preliminary review, pursuant to LR 4.3(d)(1), and 28 U.S.C.

---

[1]The original complaint named Bourdon, Cullen, and Rogers as plaintiffs. The Report and Recommendation Regarding Co-Plaintiffs, issued in May 2017, recommends that plaintiffs Rogers and Bourdon be dropped as parties.

§§ 1915(e)(2) and 1915A. The standard employed in conducting this preliminary review is set forth in the January 3, 2017 Order.

**Background**

Cullen is an NCF inmate who had legal materials in his cell in late 2016 that exceeded the capacity of a single "legal tote." He purchased a second tote for storing his legal materials in October 2016, which he alleges would have fit neatly in his cell, stacked on top of the first tote, but prison officials did not deliver the second tote to him. The original complaint (Doc. No. 1) stated that NCF Corrections Officer Burdick, on December 5, 2016, told Cullen that, per order of the Department of Corrections ("DOC") Commissioner, all of the legal materials in Cullen's cell needed to be put in one legal tote, and that Cullen had one week to do so. In response to an inmate request slip, NCF Lt. McFarland told Cullen that NCF did not allow Cullen to have more than one legal tote in his cell because of lack of space in the cell.

Construed liberally, the addendum (Doc. No. 12) adds that prison officials, applying the one-tote policy to Cullen, caused Cullen to lose legal research materials he had, that exceeded the capacity of one tote, which he asserts he needed to pursue claims challenging his conviction and sentence. Cullen states

that he is trying to replace those lost research materials, which he describes as a process that is both time-consuming and costly. Cullen further claims that some of the legal materials that were taken from him as a result of the one tote policy are no longer available in the prison law library. Specifically, Cullen asserts that he is currently researching and/or litigating claims of ineffective assistance of his state court trial, appellate, sentencing, and post-conviction counsel, as well as a challenge to the legality of the sentence imposed by the Sentence Review Division.

Cullen asserts the following claims in the complaint (Doc. No. 1) and complaint addendum (Doc. No. 12):

> 1. Defendant's application of the one-tote policy at NCF violates Cullen's Fourteenth Amendment right to equal protection, in that:
>
>> a. The policy has been applied to inmates at NCF but has not been applied at the New Hampshire State Prison ("NHSP"); and
>>
>> b. Exceptions to the one-tote policy have been made to allow similarly-situated inmates at NHSP to have access to their excess legal materials, but no exception to the policy has been offered to preserve Cullen's access to his excess materials.
>
> 2. Defendant's application of the one tote policy at NCF violates Cullen's First and Fourteenth Amendment right of access to the courts, as that policy has resulted in the loss of legal research materials he needs to litigate claims challenging his conviction and sentence.

Cullen seeks injunctive relief, specifically, an order directing NCF to stop causing the loss of Cullen's legal

materials, and requiring NCF to issue Cullen a second legal tote for storage of Cullen's legal materials in his cell. Cullen has not included a request for damages in his prayer for relief.

**Discussion**

I. **Equal Protection**

   A. Applicability at NCF and NHSP

Claim 1(a), as identified in this Order, is a claim that the one-tote policy has been applied at NCF but not at the NHSP, in violation of Cullen's right to equal protection. The one tote policy, however, as set forth in DOC Policy and Procedure Directive ("PPD") 9.02(N),[2] applies, by its terms, to all inmates

---

[2]The one-tote policy at issue is reproduced below:

   1. In order to ensure orderly conditions in an inmate's cell and in order to limit combustibles in our facilities, inmates shall be permitted to maintain legal materials not to exceed a maximum of two cubic feet or as may fit in the approved container (approx. 2 cu. Ft.) available from an approved vendor. If a container is purchased, its only use must be for legal materials.

   2. In order to ensure orderly conditions in an inmate's cell, to limit combustibles in our facilities, to enhance security and to provide for the safety of staff and inmates, Maximum Security (C5) inmates legal mail quantity will be limited to a stack no longer than 1 cubic foot (12 in. X 12 in. X 12 in.).

N.H. Dep't of Corrs. Policy & Procedure Directive 9.02(N), quoted in Towle v. Warden, N.H. State Prison, No. 15-cv-117-SM, 2017 U.S. Dist. LEXIS 30642, at *2 n.2, 2017 WL 888733, at *1 n.2 (D.N.H. Jan. 30, 2017), R&R approved, 2017 U.S. Dist. LEXIS

4

in DOC custody, and has been applied to limit inmates' access to legal materials in their cells at both NCF and the NHSP. See generally Towle v. Warden, N.H. State Prison, No. 15-cv-117-SM, 2017 U.S. Dist. LEXIS 30642, 2017 WL 888733 (D.N.H. Jan. 30, 2017) (ECF No. 56), R&R approved, 2017 U.S. Dist. LEXIS 30359, 2017 WL 875800 (D.N.H. Mar. 3, 2017), appeal filed, No. 17-1251 (1st Cir. Mar. 23, 2017). Accordingly, Cullen's claim of an equal protection violation arising from prison officials' alleged failure to apply the one tote policy at the NHSP (Claim I(a)), should be dismissed for failure to state a claim.

B.  Exceptions Made at NHSP, But Not Available to Cullen

Citing portions of the testimony of NHSP Warden Michael Zenk reported in the January 30, 2017 Report and Recommendation in Towle (ECF No. 56), 2017 WL 888733, at *3, 2017 U.S. Dist. LEXIS 30642, at *7-*8, Cullen argues that NHSP inmate Robert Towle has been granted an exception to PPD 9.02(N) that has not been granted to Cullen. Specifically, at a hearing held on a motion for a preliminary injunction filed by Towle, NHSP Warden Zenk testified, in part, that Zenk would make exceptions to the PPD 9.02(N) policy on a case-by-case basis, for NHSP inmates with ongoing or anticipated litigation requiring that the inmate have access to materials exceeding the limit set by that policy.

---

30359, 2017 WL 875800 (D.N.H. Mar. 3, 2017), appeal filed, No. 17-1251 (1st Cir. Mar. 23, 2017).

5

While it is not clear to this court that Towle and Cullen are similarly-situated in all respects, Cullen's allegations indicate that both inmates had an excess of legal materials in their cells in 2016, that both inmates had PPD 9.02(N) applied to restrict their access to those materials, and that after Towle filed a lawsuit challenging that policy, Warden Zenk instituted an administrative process for considering Towle's request for an exception to PPD 9.02(N) at the NHSP. Nothing before this court suggests that the process for seeking an exception to PPD 9.02(N), described in Zenk's testimony in Towle, is similarly offered to inmates at NCF. As there does not appear to be any reason for distinguishing between NHSP and NCF inmates with respect to whether exceptions to PPD 9.02(N) are available, Cullen has asserted facts suggesting that DOC impermissibly differentiates between NCF and NHSP inmates in its application of PPD 9.02(N). Accordingly, in an Order issued this date, the court has directed service of Cullen's Fourteenth Amendment equal protection claim (Claim 1(b)), challenging the failure of prison officials to offer Cullen an opportunity to obtain an exception to the one-tote policy set forth in PPD 9.02(N).

## II. Access to the Courts

A "prisoner alleging a violation of his right of access [to the courts] must show that prison officials caused him past or

imminent 'actual injury' by hindering his efforts to pursue such a claim." Petlock v. Nadrowski, No. CV 16-310(FLW), 2016 WL 7173781, at *11, 2016 U.S. Dist. LEXIS 169816, at *26 (D.N.J. Dec. 8, 2016) (citation omitted). To prove that the right of access to the courts has been violated, the inmate must show he was actually injured in his ability to pursue a nonfrivolous claim, in a post-conviction proceeding or other civil rights matter that the inmate had a right to litigate. See Lewis v. Casey, 518 U.S. 343, 352, 354-55 (1996). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Stripped of legal conclusions, Cullen's factual allegations, liberally construed, are that, due to the application of PPD 9.02(N), he lost "research paperwork" he needed to pursue claims challenging his conviction; that his current "research paperwork" relates to claims of ineffective assistance of counsel in his state court criminal trial, at sentencing, on appeal, and in post-conviction proceedings, and also relates to a challenge to the legality of the sentence imposed by the Sentence Review Division; and that it is time-consuming, expensive, and, in part, impossible for Cullen to replace all of the materials he lost because of the one-tote

7

policy.  Cullen has stated a plausible claim that the application of PPD 9.02(N) to him has hindered his ability to pursue a post-conviction claim, which Cullen may be able to show is non-frivolous.  Without prejudice to defendant's ability to seek dismissal or summary judgment on Cullen's access to the courts claim, upon any valid basis, the Order issued this date directs service of that claim (Claim 2) upon defendant.

## Conclusion

For the foregoing reasons, Claim 1(a) should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 4, 2017

cc: Allan Cullen, pro se
    Scott Rogers, pro se
    Ronald Bourdon, pro se