UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Allan Cullen

    v.                                    Civil No. 16-cv-537-SM

NH DOC Commissioner
William Wrenn


### REPORT AND RECOMMENDATION

Allan Cullen, who appears pro se, is currently being incarcerated by the New Hampshire Department of Corrections ("DOC") at the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire. Through the vehicle of 42 U.S.C. § 1983, he claims that the DOC's "one-tote policy" for the storage of legal materials in an inmate's cell at NCF violates his federal constitutional rights to: (1) equal protection;[1] and (2) access to the courts. Before this magistrate judge for a report and recommendation is respondent's motion for summary judgment, to which plaintiff objects. For the reasons that follow, defendant's motion for summary judgment should be granted.

---

[1] Plaintiff's equal protection claim rests on allegations that exceptions to the one-tote policy are available to inmates at the New Hampshire State Prison in Concord but not to NCF inmates.

## Summary Judgment Standard

"Summary judgment is appropriate when the record shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Walker v. President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (quoting Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011); citing Fed. R. Civ. P. 56(a)).  When a court considers a motion for summary judgment, "[t]he evidence . . . must be viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor."  Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016) (citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994)). To defeat summary judgment, "[t]he non-moving party . . . must 'produc[e] specific facts sufficient to deflect the swing of the summary judgment scythe.'"  Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016) (quoting Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)).

## Background

The facts recited in this section are undisputed.  At all times relevant to this matter, Cullen was an inmate at NCF.  His claims arise from NCF's enforcement of its one-tote policy, and its refusal to allow him a second tote to store his legal

2

materials.

With respect to inmate complaints about conditions of confinement, the DOC employs a three-step grievance procedure which involves: (1) directing an inmate request slip ("IRS") "to the lowest level staff person with the authority to address the issue raised," Def.'s Mot. Summ. J., Ex. A, Attach. 1 (doc. no. 25-2), at 2; (2) appealing an unfavorable response to an IRS by directing a Grievance Form to the Warden, see id. at 3-4; and (3) appealing an unfavorable response from the Warden by directing a Grievance Form to the office of the Commissioner of the DOC, see id. at 4-5.

On October 25, 2016, Cullen directed an IRS to Rob Roy, of the New Hampshire State Prison ("NHSP") recreation department in Concord,[2] to make the following request: "Order second legal tote.  Please note first tote split down side – can still be used as second [indecipherable] tote."  Def.'s Mot. Summ. J., Ex. A, Attach. 2 (doc. no. 25-3), at 39.  Three days later, Cullen received the following response from a staff member in the recreation department: "Done."  Id.

Then, on November 30, Cullen filed a second IRS to make this request:

> Attached is copy of request slip approving second
> legal tote.  On 11-29-16 I went to recreation to pick

---

[2] It is not clear why an NCF inmate in Berlin would direct an IRS to someone working at the NHSP in Concord.

3

      up second tote.  I was told I was only allowed one by
      Mr. Griffin.  I would like to know why Berlin inmates
      are allowed one tote while Concord inmates are allowed
      two or more.  Could you please find out why.

Id. at 43 of 44.  On December 6, 2016, Cullen received the following response from Lieutenant McFarland: "For starters you should have asked me 1st.  NCF only allows 1 legal [tote] because of space in the cell."  Id.

According to the DOC's grievance procedure, Cullen had 30 calendar days from the day on which Lt. McFarland responded to his IRS to file a Grievance Form with the Warden.  On December 21, 2016, while the time to file a Grievance Form with the Warden was still running, Cullen filed the complaint that initiated this case.  Furthermore, between January 1, 2016, and July 17, 2017, Cullen did not file any Grievance Forms with the Warden.  See Def.'s Mot. Summ. J., Ex. B (doc. no. 25-4) ¶ 3.

## Discussion

Defendant argues that he is entitled to judgment as a matter of law on plaintiff's claims because plaintiff has not satisfied the exhaustion requirement imposed by the federal Prison Litigation Reform Act.  Defendant is correct.

Judge McCafferty has recently described the operation of the PLRA exhaustion requirement:

      Under the Prison Litigation Reform Act of 1995
      ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be

4

> brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law,
> by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative
> remedies as are available are exhausted." The PLRA
> requires "proper exhaustion." Woodford v. Ngo, 548
> U.S. 81, 84 (2006). "[I]t is the prison's
> requirements, and not the PLRA, that define the
> boundaries of proper exhaustion." Jones v. Bock, 549
> U.S. 199, 218 (2007). Claims for which administrative
> remedies have not been exhausted are subject to
> dismissal. Medina-Claudio v. Rodríguez-Mateo, 292
> F.3d 31, 36 (1st Cir. 2002).

Peterson v. Wrenn, No. 14-cv-432-LM, 2017 WL 401189, at *10 (D.N.H. Jan. 30, 2017). More specifically, the language of 42 U.S.C. § 1997(e)(a) "clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement." Medina-Claudio, 292 F.3d at 36 (emphasis in the original). Thus, "[e]xhaustion subsequent to the filing of suit will not suffice." Id. (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). Finally, "[f]ailure to exhaust is an affirmative defense." Peterson, 2017 WL 401189, at *10 (citing Ramos v. Patenaude, 640 F.3d 485, 488 (1st Cir. 2011)).

At summary judgment, to prevail on an affirmative defense of failure to exhaust, "the defendant must show that no reasonable jury could find that [the plaintiff] exhausted the administrative remedies available to him before commencing [his] action." Polansky v. McCoole, No. 13-cv-458-JL, 2016 WL 237096, at *3 (D.N.H. Jan. 20, 2016). If the defendant carries his

5

>   initial burden of showing that plaintiff failed to
>   exhaust all of his generally available administrative
>   remedies . . . "the burden shifts to the prisoner to
>   come forward with evidence showing that there
>   something in his particular case that made the
>   existing and generally available administrative
>   remedies effectively unavailable to him."

Santiago v. N.H. Dep't of Corr., Comm'r, No. 14-cv-100-JL, 2015 WL 5097782, at *3 (D.N.H. Aug. 27, 2015) (quoting Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014)).

Here, defendant has plainly carried his initial burden of showing "that no reasonable jury could find that [Cullen] exhausted the administrative remedies available to him before commencing [his] action." Polansky, 2016 WL 237096, at *3. When Cullen commenced his suit, he had not even initiated the second step in the DOC's three-step grievance procedure, and the deadline for doing so had not yet expired. Thus, he filed suit to pursue a claim for which he had not exhausted the DOC's administrative remedies.

In both his objection to defendant's motion for summary judgment and his surreply, plaintiff suggests, but does not fully develop, an argument that the DOC grievance procedure was somehow unavailable to him. But he has produced no evidence to create a trialworthy issue on unavailability. See Xiaoyan Tang, 821 F.3d at 215 (describing non-moving party's obligation to produce evidence to create trialworthy issue in order to avoid summary judgment). In support of his surreply, Cullen has

produced a number of request slips and Grievance Forms generally related to the issue of access to his legal materials and his desire for a second tote, most of them filed after he filed this lawsuit.  While those forms demonstrate that the <u>relief</u> Cullen sought was unavailable, they do not show that the <u>grievance procedure</u> was unavailable to him.  More importantly, attempts to use the DOC grievance procedure after plaintiff filed this action are not evidence one way or the other on the question of whether, at the time he filed this action, plaintiff's failure to exhaust the remedies available through the DOC grievance procedure was excusable on grounds of unavailability.

Plaintiff also refers to legal material that was stolen from him during a fire drill in September of 2017, including the request slips from October and November of 2016 that are quoted above.  But he also says that the court provided him with copies of those slips, and the rest of the allegedly stolen material consists of request slips from 2017, <u>i.e.</u>, after he filed this action.  Because plaintiff does not claim that he lacked access to any material that would permit the court to determine that the DOC grievance procedure was unavailable to him before he filed this action, his allegations concerning stolen legal material do nothing to preclude the court from ruling in defendant's favor on his affirmative defense of failure to exhaust.

## Conclusion

For the reasons described above, plaintiff's claims should be dismissed, and defendant's motion for summary judgment, document no. 25, should be granted.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day period may be extended upon motion. Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2018

cc: Allan Cullen, pro se
 Francis Charles Fredericks, Esq.